IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BARBARA M. GIBNEY, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v.  ) | CIVIL ACTION 05-0654-WS-C |
| ) | |
| **HOME DEPOT, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**ORDER**

On November 9, 2005, this action was removed from the Circuit Court of Baldwin County, Alabama, asserting that this Court has subject matter jurisdiction based on diversity of citizenship. (Doc. 1). Although the plaintiffs have not filed a motion to remand, federal courts are of limited jurisdiction, and the Court has an independent and continuing obligation to confirm its subject matter jurisdiction, even when the parties do not question its existence. *University of South Alabama v. American Tobacco Co.*, 168 F.3d 409, 411 (11th Cir. 1999); *accord Smith v. GTE Corp*., 236 F.3d 1292, 1299 (11th Cir. 2001).

The lawsuit is brought by a married couple against Home Depot U.S.A., Inc. ("Home Depot") and Citibank USA, N.A. ("Citibank"). The complaint alleges that the plaintiffs contracted with Home Depot in about September 2004 to provide materials, labor and services to replace the roof on their home, which was damaged in Hurricane Ivan. The complaint alleges that, as of September 2005, the roof replacement had not been completed and that the replaced portion of the roof leaks, and the complaint attributes this situation to Home Depot's negligence and breach of contract. The complaint also alleges that Home Depot has wrongfully posted charges to the plaintiffs' account with Citibank, discussed below.

In connection with this project, the plaintiffs established a credit account with Citibank, with the costs for the roof replacement being charged to that account. The complaint alleges that, beginning in April 2005, Citibank began taking actions to collect on the account despite Home Depot's failure to complete the project. The complaint alleges that Citibank has harassed the plaintiffs in its efforts to collect a debt and has wrongfully released a negative credit rating.

The complaint also alleges that Citibank has wrongfully posted charges to the plaintiffs' account.

The complaint does not demand a specific amount in damages. It does, however, demand unspecified compensatory damages including mental distress, as well as punitive damages.

"[W]e hold that where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $[75],000 jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *overruled on other grounds*, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). Because the plaintiffs have made an unspecified demand for damages, the *Tapscott* standard applies here. Under *Tapscott,* a defendant must show that, if the plaintiff prevails on liability, he or she will more likely than not be awarded over $75,000.[1]

This lawsuit involves the claims of two plaintiffs against two defendants. The defendants assume that the value of all these claims may be lumped together in determining the amount in controversy, but they supply no authority for this proposition.[2] With respect to plaintiffs, "[w]e do not aggregate the value of multiple plaintiffs' claims to satisfy the amount in controversy requirement simply because they are joined in a single lawsuit." *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 974 (11th Cir. 2002). With respect to defendants, "[t]he general rule with respect to the aggregation of the claims of a plaintiff against two or more defendants is that where a suit is brought against several defendants asserting claims against each of them which are separate and distinct, the test of jurisdiction is the amount of each claim, and not their

---

[1] *E.g., Hitch v. Laws*, 2000 WL 1005888 at *2 (S.D. Ala. 2000)("Defendants can discharge the burden 'by presenting sufficient evidence that a verdict rendered in favor of [plaintiffs] would exceed $75,000.'")(quoting *Holman v. Montage Group*, 79 F. Supp. 2d 1328, 1330 (S.D. Ala. 1999); *accord Lowe's OK'd Used Cars, Inc. v. Acceptance Insurance Co.*, 995 F. Supp. 1388, 1393 (M.D. Ala. 1998)("In a diversity action where the plaintiff has not made a specific request for damages, the ultimate question the court addresses is whether a defendant has established by a preponderance of the evidence that should the plaintiff prevail on a particular claim, the plaintiff, more likely than not, will recover in excess of the federal jurisdictional prerequisite.").

[2] The defendants argue only that amounts demanded in various counts of a complaint can be cumulated. (Doc. 1, ¶¶ 17-18).

aggregate." *Jewell v. Grain Dealers Mutual Insurance Co.*, 290 F.2d 11, 13 (5th Cir. 1961) (internal quotes omitted).

"When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Following this sequence, the Court concludes that additional evidence as to the amount in controversy is required.

First, jurisdiction is not facially apparent from the complaint with respect to any plaintiff's claims against any defendant. With respect to Home Depot, the complaint reflects an incomplete, leaky roof, but without sufficient detail to allow an estimate of the amount of either property damage or mental anguish therefrom. Punitive damages are sought only under the wrongful posting claim, but without sufficient detail to allow an estimate of the scope or degree of the wrong or resulting harm and, consequently, without sufficient information to estimate a probable award of punitive damages.

With respect to Citibank, the complaint alleges harassing collection efforts, wrongful reporting and wrongful posting of charges, but again without sufficient detail to allow an estimate of the damages, including mental anguish and punitive damages, more than likely than not to be awarded based on this conduct.

Second, the notice of removal is inconclusive as to the amount in controversy. The defendants assert that over $27,000 in "hard" damages are at issue because that is the balance due on the account. (Doc. 1, ¶ 13). The trouble is that the complaint does not demand that all charges on the account be eliminated, and the defendants have not shown that the plaintiffs would more likely than not receive that relief if they prevail on the merits.[3]

Building on this error, the defendants argue that the plaintiffs' "hard" damages make it

---

[3]Nor is it clear how such relief, were it awarded, could be awarded against Home Depot, since the account is owned by Citibank. The plaintiffs' "hard" recovery against Home Depot would appear to be the cost to the plaintiffs of finishing the job, plus the cost of repairing any water damage, minus the appropriate value of materials and labor furnished by Home Depot.

likely they will be awarded punitive damages sufficient to take the total over $75,000. (Doc. 1, ¶ 20). Without a supportable showing of the plaintiffs' compensatory damages, however, the defendants' multiplier argument necessarily fails.[4]

Finally, the defendants rest on the plaintiffs' "refusal to execute a stipulation limiting damages to less than $75.000." (Doc. 1, ¶ 8). However, a plaintiff's "refus[al] to stipulate that [her] damages do not exceed and will not exceed the sum of $75,000.00 ... standing alone does not satisfy [the defendant's] burden of proof on the jurisdictional issue," because "[t]here are several reasons why a plaintiff would not so stipulate. " *Williams v. Best Buy*, 269 F.3d at 1320.

Thus, pursuant to *Williams*, additional evidence is required in order to determine whether federal jurisdiction exists over this case. To provide the defendants an opportunity to explore the plaintiffs' vague damage allegations, and to eliminate the incentive of plaintiffs to disguise their damages so as to avoid removal, the Court concludes that the defendants are entitled to information concerning the plaintiffs' claimed damages before the jurisdictional issue is resolved. Accordingly, the plaintiffs are **ordered** to file and serve, on or before **December 27, 2005**, the following (to be signed pursuant to Federal Rule of Civil Procedure 11): (1) a listing of each category of damages claimed by the plaintiffs in this lawsuit, broken down separately for each plaintiff as to each defendant; and (2) the initial disclosures concerning damage computations required by Federal Rule of Civil Procedure 26(a)(1)(C), including any evidentiary material required by that rule.

The defendants are **ordered** to file and serve, on or before **January 6, 2006**, any supplemental memorandum and/or evidentiary materials supporting their position that the amount in controversy exceeds $75,000, exclusive of interest and costs. If the defendants believe that additional discovery should be allowed before the jurisdictional issue is resolved, they shall identify the nature and contents of such discovery and propose a timetable for its

---

[4]Nor is the defendants' citation to three outlier cases, (*id*.), in which punitive damages outweighed compensatory damages by a ratio of hundreds or thousands to one, impressive. "[M]ere citation to what has happened in the past does nothing to overcome the indeterminate and speculative nature of [a defendant's] assertion" that the amount in controversy in a particular case exceeds $75,000. *Federated Mutual Insurance Co. v. McKinnon Motors LLC,* 329 F.3d 805, 809 (11th Cir. 2003). The same holds for the defendants' citation to cases in which significant mental anguish damages were awarded. (Doc. 1, ¶ 21).

completion.  The plaintiffs are **ordered** to file and serve any response on or before **January 17, 2006**.  Unless additional briefing or discovery is ordered, the Court will take the issue of its subject matter

jurisdiction under submission on **January 18, 2006**.

DONE and ORDERED this 13th day of December, 2005.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE